UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEENA PANNELL,
    Plaintiff,
vs.

CONSUMER PORTFOLIO SERVICES, INC.
a California corporation,
EXPERIAN INFORMATION SOLUTIONS,
a foreign corporation  and
TRANS UNION, LLC, a foreign limited liability company,
jointly and severally,
    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COME THE PLAINTIFFS THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN**, and for their Complaint against the Defendants, plead as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

**VENUE**

3. Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendants conduct business in Michigan, have registered office in Michigan or a substantial part of the events or omissions giving rise to the claims herein occurred in Michigan.

1

## GENERAL ALLEGATIONS

4. On a date prior to March 31, 2009, the Plaintiff had borrowed money for the purchase an automobile. That loan was subsequently owned by Defendant Consumer Portfolio Services ("CPS").

5. On March 31, 2009, the Plaintiff filed for bankruptcy under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of Michigan. That case was assigned docket number 09-49862.

6. On May 27, 2009, CPS obtained an order from the Bankruptcy Court lifting the automatic stay and allowing it to repossess its collateral.

7. Plaintiff received a discharge from her debts, including the debt she had previously owed to CPS on July 8, 2009.

8. Plaintiff has not had any other financial relationship with CPS other than the one related to the auto loan for which she had received a discharge.

9. Nevertheless, Defendant CPS obtained the following credit reports on the Plaintiff from the following credit reporting agencies:

    a. From Experian, CPS obtained a credit report on the Plaintiff on November 20, 2009 and again on October 14, 2010;

    b. From Trans Union, CPS obtained a credit report on the Plaintiff on September 24, 2009, November 20, 2009 and again on September 21, 2010.

10. All of the above credit reports were obtained on the Plaintiff without a permissible purpose as expressly allowed under the Fair Credit Reporting Act.

11. Defendant CPS violated the Plaintiff's rights under the FCRA by obtained all of these credit reports after she was discharged in bankruptcy as it had no right to obtain these reports.

12. Defendant credit reporting agencies had no right to furnish these credit reports to CPS.

13. Defendants' actions, jointly and severally, have caused damage to the Plaintiff.

## COUNT I

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT REPORTING AGENCIES

14. Plaintiffs reallege the above paragraphs as if recited verbatim.

15. Experian and Trans Union (collectively "CRAs") are each a national credit reporting agency.

16. Each CRA is obligated to furnish credit reports in compliance with 15 U.S.C. 1681b.

17. CRAs failed to comply with 15 U.S.C. 1681b by issuing credit reports on the Plaintiff to CPS as none of these credit reports were issued pursuant to a federally permissible purpose as allowed by the statute.

18. Each of the CRA's actions in providing the Plaintiff's credit report in violation of 15 U.S.C. 1681b were willful or done in complete disregard for the Plaintiff's rights under the FCRA.

19. As a direct and proximate cause of the CRA's willful violation of the Plaintiff's rights under the FCRA, the Plaintiff is entitled to damages under 15 U.S.C. 1681n.

## COUNT II

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CREDIT REPORTING AGENCIES

20. Plaintiffs reallege the above paragraphs as if recited verbatim.

21. Each CRA is obligated to furnish credit reports in compliance with 15 U.S.C. 1681b.

22. CRAs failed to comply with 15 U.S.C. 1681b by issuing credit reports on the Plaintiff to CPS as none of these credit reports were issued pursuant to a federally permissible purpose as allowed by the statute.

23. Alternatively, each of the CRA's actions in providing the Plaintiff's credit report in violation of 15 U.S.C. 1681b were performed negligently and in disregard for the Plaintiff's rights under the FCRA.

24. As a direct and proximate cause of the CRAs' individual and collective negligent violations of the Plaintiff's rights under the FCRA, the Plaintiff is entitled to damages under 15 U.S.C. 1681o.

## COUNT III
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CONSUMER PORTFOLIO SERVICES

25. Plaintiffs reallege the above paragraphs as if recited verbatim.

26. Pursuant to 15 U.S.C. 1681b(f), CPS was and remains prohibited from obtained a credit report on the Plaintiff or anyone else unless it had a purpose that was expressly provided for in the FCRA.

27. CPS obtained the Plaintiff's consumer credit report for a purpose not expressly authorized by the FCRA.

28. CPS's actions in obtaining the Plaintiff's credit report in violation of 15 U.S.C. 1681b were willful or done in complete disregard for the Plaintiff's rights under the FCRA.

29. As a direct and proximate cause of the CPS's willful violation of the Plaintiff's rights under the FCRA, the Plaintiff is entitled to damages under 15 U.S.C. 1681n.

## COUNT IV
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CONSUMER PORTFOLIO SERVICES

30. Plaintiffs reallege the above paragraphs as if recited verbatim.

31. Pursuant to 15 U.S.C. 1681(b)f, CPS was and remains prohibited from obtained a credit report on the Plaintiff or anyone else unless it had a purpose that was expressly provided for in the FCRA.

32. CPS obtained the Plaintiff's consumer credit report for a purpose not expressly authorized by the FCRA.

33. CPS's actions in obtaining the Plaintiff's credit report in violation of 15 U.S.C. 1681b were, in the alternative, done negligently or in disregard for the Plaintiff's rights under the FCRA.

34. As a direct and proximate cause of the CPS's negligent violation of the Plaintiff's rights under the FCRA, the Plaintiff is entitled to damages under 15 U.S.C. 1681o.

## DAMAGES

Plaintiff is entitled to:

a. Statutory damages

b. Actual damages

c. Emotional damages

d. Costs of this action

e. Reasonable attorneys' fees

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

December 2, 2010             /s/ Gary Nitzkin
                             GARY D. NITZKIN (P 41155)
                             NITZKIN & ASSOCIATES
                             Attorneys for Plaintiff
                             22142 West Nine Mile Road
                             Southfield, MI 48034
                             (248) 353-2882
                             Email – gnitzkin@creditor-law.com